UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

ASTRID RODRIGUEZ HERNANDEZ,

        Plaintiff,

vs.

ALAMI NEW GENERATION LLC,
LIFTED SMOKE SHOP LLC, LIFTED
DISTRIBUTION LLC, LIFTED 5 LLC,
LIFTED UCF 2 LLC, ORLANDO SMOKE
SHOP 7 LLC, ORLANDO SMOKE SHOP
8 LLC, ORLANDO SMOKE SHOP 9 LLC,
MOHAMED ALAMI and ACHRAF ALAMI,

        Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, ASTRID RODRIGUEZ HERNANDEZ ("Ms. Rodriguez"), by and through undersigned counsel, and hereby files this Complaint and Demand for Jury Trial against Defendants, ALAMI NEW GENERATION LLC, LIFTED SMOKE SHOP LLC, LIFTED DISTRIBUTION LLC, LIFTED 5 LLC, LIFTED UCF 2 LLC, ORLANDO SMOKE SHOP 7 LLC, ORLANDO SMOKE SHOP 8 LLC, ORLANDO SMOKE SHOP 9 LLC, MOHAMED ALAMI and ACHRAF ALAMI (Collectively "Defendants"), and further states as follows:

1

## INTRODUCTION

1. This is an action for failure to pay overtime wages in violation of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et. seq.* (hereinafter "FLSA").

2. The FLSA prevents the exploitation of a class of workers who are in an unequal position with respect "to bargaining power and are thus relatively defenseless against the denial of a living wage is not only detrimental to their health and well being but casts a direct burden for their support upon the community. What these workers lose in wages the taxpayers are called upon to pay." *West Coast Hotel Co. v. Parrish*, 300 U.S. 379, 399 (1937)(Hughes, C.J).

3. Defendants utilized its unequal bargaining power to render Ms. Rodriguez defenseless against the denial of the living wage she was entitled to receive and which is protected by 29 U.S.C. § 207.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims

occurred in Orange County, Florida in the Orlando Division of the Middle District of Florida.

## THE PARTIES

6. At all times material, MS. RODRIGUEZ was an individual residing in Orange County, Florida.

7. MS. RODRIGUEZ worked for Defendants as a sales associate at Defendants' multiple store locations from approximately October 2021 to August 2022.

8. MS. RODRIGUEZ was employed by the collective Defendants throughout the entire time period.

9. MS. RODRIGUEZ was paid an hourly wage for some but not for all of the hours she worked.

10. MS. RODRIGUEZ also received a commission as part of her weekly compensation.

11. ALAMI NEW GENERATION LLC (hereinafter "ALAMI"), operates a smoke shop in Orlando, Florida.

12. LIFTED SMOKE SHOP LLC operates a smoke shop in Orlando, Florida.

13. LIFTED DISTRIBUTION LLC operates a smoke shop in Orlando, Florida.

3

14. LIFTED 5 LLC operates a smoke shop in Orlando, Florida.

15. LIFTED UCF 2 LLC operates a smoke shop in Orlando, Florida.

16. ORLANDO SMOKE SHOP 7 LLC operates a smoke shop in Orlando, Florida.

17. ORLANDO SMOKESHOP 8 LLC operates a smoke shop in Orlando, Florida.

18. ORLANDO SMOKE SHOP 9 LLC operates a smoke shop in Orlando, Florida.

19. Defendants operate multiple stores throughout Florida and sell an array of smoking products, including but not limited to, vapes, oils, CBD products, grinders, rolling papers, bongs, air-tight jars, gummies and apparel.

20. ALAMI NEW GENERATION LLC, LIFTED SMOKE SHOP LLC, LIFTED DISTRIBUTION LLC, LIFTED 5 LLC, LIFTED UCF 2 LLC, ORLANDO SMOKE SHOP 7 LLC, ORLANDO SMOKE SHOP 8 LLC, ORLANDO SMOKE SHOP 9 LLC, (Collectively "Smoke Shops") are a single enterprise.

21. The Smoke Shops share the same ownership.

22. The Smoke Shops, share a unified operation and common control of the organization.

23. The Smoke Shops utilized and share the same managers and supervisors.

24. The Smoke Shops utilize the same operating systems, policies, and procedures.

25. The Smoke Shops, rotate and share employees between each of its of its locations.

26. The Smoke Shops, share and utilized the same mailing address.

27. At material times, MOHAMED ALAMI,
    a. was an officer;
    b. was involved in the day-to-day operation; guided company policies;
    c. was actively engaged in the management, supervision, and oversight;
    d. controlled financial affairs;
    e. could authorize compliance with the FLSA and other laws; and,
    f. acted directly or indirectly in the interest of the employer in relation to its employees and was substantially in control of the terms and conditions of the employees' work.

28. At material times, ACHRAF ALAMI,

      a. was an officer;

      b. was involved in the day-to-day operation; guided company policies;

      c. was actively engaged in the management, supervision, and oversight;

      d. controlled financial affairs;

      e. could authorize compliance with the FLSA and other laws;

      f. acted directly or indirectly in the interest of the employer in relation to its employees and was substantially in control of the terms and conditions of the employees' work.

29. MS. RODRIGUEZ retained LaBar & Adams, P.A. to represent her and she has agreed to pay said firm a reasonable attorney's fee and costs for its services.

## GENERAL FACTUAL ALLEGATIONS

30. Each Defendant is an "employer" as defined by 29 U.S.C. § 203(d).

31. Defendants are joint employers within the meaning of the FLSA. For example, the Smoke Shops utilized the same employees, use the same mailing address, have the same managers and supervisors, utilize the

6

same operating systems, policies and procedures, and share a unified operation and common control of the organization.

32. Each Defendant has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the store locations where MS. RODRIGUEZ performed work.

33. Defendants employed two or more persons who have "engaged in commerce or in the production of goods for commerce," or has "had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person," as defined by 29 U.S.C. § 203(s)(1)(A)(i).

34. MS. RODRIGUEZ avers that at all times relevant, the Smoke Shops are an enterprise whose annual gross volume of sales made or business done was not less than $500,000, in accordance with 29 U.S.C. § 203(s)(1)(A)(ii).

35. At all times relevant to employment, MS. RODRIGUEZ regularly used the instrumentalities of interstate commerce while performing work.

36. At all times relevant to employment, MS. RODRIGUEZ regularly used the channels of commerce while performing her work.

37. MS. RODRIGUEZ regularly unboxed and stocked products and merchandise which was received from suppliers outside the State of Florida.

38. MS. RODRIGUEZ also regularly utilized Defendants' credit card system, the internet, and telephone lines in her daily duties and responsibilities as a sales associate.

39. MS. RODRIGUEZ regularly used social media as required by Defendants to promote the brand of the Smoke Shops.

40. MS. RODRIGUEZ regularly worked to complete internet sales of Defendants who maintained their website and e-commerce portal on *Shopify*, a global commerce platform online.

## FACTS ALLEGED

41. While working for the Smoke Shops, MS. RODRIGUEZ was compensated as an hourly employee and received a weekly commission.

42. While working for the Smoke Shops, MS. RODRIGUEZ was employed as a sales associate.

43. MS. RODRIGUEZ was not allowed to clock-in for all hours worked.

44. MS. RODRIGUEZ time was adjusted and manipulated to reflect less hours worked.

45. Throughout her employment, MS. RODRIGUEZ was paid an hourly rate for some but not all hours worked.

46. Throughout her employment, MS. RODRIGUEZ worked numerous workweeks where her hours exceeded forty but she was not paid time-and-a-half for each overtime hour worked during said week.

47. Defendants were aware that MS. RODRIGUEZ was performing uncompensated overtime work.

48. Throughout her employment, MS. RODRIGUEZ worked numerous workweeks where she was not paid her regular hourly rate of pay for each hour worked.

49. Defendants knew or should have known that MS. RODRIGUEZ was not being compensated for all hours worked.

### COUNT I
### VIOLATIONS OF THE OVERTIME PROVISION OF THE
### FAIR LABOR STANDARDS ACT AGAINST ALL DEFENDANTS

50. The allegations contained in paragraphs 1-47 above are realleged herein.

51. At all relevant times, Defendants repeatedly and willfully violated § 7 and § 15 of the FLSA by failing to compensate MS. RODRIGUEZ at a rate not less than one and one-half times the regular rate at which she was employed for workweeks longer than forty (40) hours.

52. MS. RODRIGUEZ was compensated for some but not all of the overtime hours she worked during a workweek.

53. Specifically, MS. RODRITGUEZ worked in excess of forty (40) hours in numerous weeks, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times of her regular rate because Defendants routinely adjusted and manipulated her time records and because Defendants failed to pay her for her pre-shift and/or post-shift work.

54. Defendants willfully failed to maintain and keep accurate time records as required by the Fair Labor Standards Act.

55. Defendants failed to post the required notice pursuant to the Fair Labor Standards Act.

WHEREFORE, MS. RODRIGUEZ demands judgment against Defendants, jointly and severally, for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

## **COUNT II- BREACH OF CONTRACT- SMOKE SHOPS**

53. MS. RODRIGUEZ incorporates by reference as though fully set forth herein the allegations of paragraphs 6-9, 11-25, 29, 39-43 and 46 of this Complaint.

54. On or about October 2021, the Smoke Shops offered MS. RODRIGUEZ $10.00 an hour plus commission to work as a sales associate.

55. MS. RODRIGUEZ accepted the Smoke Shops' offer of $10.00 an hour plus commission to work as a sales associate.

56. MS. RORIGUEZ performed work pursuant to the parties' agreement from October 2021 to August 2022.

57. The Smoke Shops have breached the Parties agreement by failing to compensate MS. RODRIGUEZ at $10.00 an hour for all work performed from October 2021 to August 2022.

58. As a result of the Smoke Shops' breach of contract as described herein, MS. RODRIGUEZ has suffered damages.

WHEREFORE, MS. RODRIGUEZ respectfully requests that this Court grant the following relief:

(a) Award MS. RODRIGUEZ unpaid wages;

(b) Award MS. RODRIGUEZ pre-judgment and post-judgment interests;

    (c)    Award MS. RODRIGUEZ the costs of this action, together with reasonable attorney's fees; and,

    (d)    Award MS. RODRIGUEZ such other relief the Court deems is just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues contained herein this Complaint.

Dated: <u>May 12, 2023</u>                Respectfully submitted,

                              */s/ N. Ryan LaBar, Esq.*
                              N. RYAN LABAR, ESQ.
                              Lead Counsel for Plaintiff
                              Florida Bar No.: 0010535
                              Email:rlabar@labaradams.com
                              SCOTT C. ADAMS, ESQ.
                              Florida Bar No.: 0573442
                              Email: sadams@labaradams.com
                              LABAR & ADAMS, P.A.
                              2300 East Concord Street
                              Orlando, Florida 32803
                              (407) 835-8968 (phone)
                              (407) 835-8969 (facsimile)